## Anderson v. Krebs

*Robert V. Moser*, for plaintiff.
*Rice & Rice*, for defendants.

TROUTMAN, J., October 10, 1964. — Defendants, Charles D. Krebs and Roland P. Krebs, have filed preliminary objections to plaintiff's complaint in the nature of a demurrer. The reasons assigned in support of the preliminary objections are that there is no cause of action stated against defendants, and that there is no averment of any act or omission to act by either defendant which would constitute actionable negligence for which there would be any liability by either defendant, individually, separately, jointly or severally, to plaintiff, Mary J. Anderson.

The complaint alleges that defendant, Roland P. Krebs, a son of defendant, Charles D. Krebs, was negligent in allowing a Pontiac sedan owned by Charles D. Krebs to be parked in front of his residence at 605 East Webster Street, Shamokin, Pa., without taking the precaution to lock the ignition, remove the ignition key and lock the doors of the vehicle to prevent any unauthor-

ized person to enter and drive away the same, and that by reason of such negligence, some unidentified person, at or about 5 p.m. on February 23, 1964, operated the described automobile and drove it into or against the automobile of plaintiff, which was lawfully parked in front of plaintiff's residence at 927 East Webster Street, Shamokin, Pa., resulting in damages to the said vehicle. The present action is brought to recover the cost of repairs to the said automobile.

In respect to defendant Charles D. Krebs, the only averment in the complaint is that the Pontiac sedan was owned by defendant Charles D. Krebs, and that on the date in question he consented and permitted defendant Roland P. Krebs to use and operate the said Pontiac sedan. These averments are insufficient to attach any liability upon defendant Charles D. Krebs. There is no allegation of agency or any other averment that the vehicle was used in any way at the time by Roland P. Krebs for or on the business of the owner which would result in any liability on the owner for the conduct of the bailee, if the latter were negligent. Consequently, there is no cause of action stated against defendant Charles D. Krebs.

The only averment of negligence in this complaint is that Roland P. Krebs parked the car unlocked, with the key in the ignition. The parking of the car in front of his house, leaving the car unlocked and the key in the ignition is, without more, not actionable negligence under the law of Pennsylvania. While this may be the law in other jurisdictions, particularly where special statutes or ordinances apply, it does not seem to be the law in Pennsylvania: Koval v. Morris, 9 D. & C. 2d 734, 736.

In Rapczynski v. W. T. Cowan, Inc., 138 Pa. Superior Ct. 392, the court held that leaving ignition keys in a motor vehicle, without more, is not negligence under the law in Pennsylvania. In that case, the key was left

in a parked truck, and plaintiff sought to establish negligence on the basis that the key being there was an attractive nuisance to the minor who set the truck in motion, but the court definitely stated that the mere fact that the key was not removed from the ignition lock was not sufficient of itself to show negligence. The court further stated that there can be no negligence unless there is a breach of some duty, and where an owner is using his property in a lawful manner and for a lawful purpose, he is not bound to maintain it so that a person who trespasses upon it will not sustain injuries.

The complaint avers that an unauthorized person entered and drove away the Pontiac sedan. The unauthorized taking and operation of defendant's automobile by this unauthorized and unknown person, and his apparent negligence in the operation thereof, was certainly such an intervening cause that leaving of the key in the vehicle could not be the proximate cause of the injury: Rapczynski v. W. T. Cowan, Inc., supra.

The owner of a motor vehicle is not an insurer that it will not be taken by anyone unlawfully, and is not required to assume that if it is unlawfully taken it will be negligently operated to the damage of a third party: Koval v. Morris, supra.

Finding merit in the preliminary objections in the nature of a demurrer, the demurrer must be sustained, unless plaintiff files an amended complaint curing the insufficiencies as set forth in this opinion.

### Order

And now, to wit, October 10, 1964, defendants' preliminary objections in the nature of a demurrer are sustained, and unless an amended complaint be filed by plaintiff within a period of 15 days from the date of this order, a judgment shall be entered against plaintiff. Let an exception be noted for plaintiff.